IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IESHA C. COLE,

                Plaintiff,

        v.                        Case No. 12-2404-SAC

CONVERGYS CUSTOMER
MANAGEMENT GROUP, INC.,

                Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the motion for summary judgment of Convergys Customer Management Group, Inc., which alleges that the Plaintiff, Iesha Cole, is contractually time-barred from bringing suit. Cole claims race and sex discrimination and retaliatory termination under Title VII, and intentional infliction of emotional distress and false light invasion of privacy under Kansas law.

**Summary Judgment Standards**

Under Rule 56 of the Federal Rules of Civil Procedure a court may grant a motion for summary judgment if a genuine issue of material fact does not exist and if the movant is entitled to judgment as a matter of law. The court is to determine if "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 250 (1986). The initial burden is with the movant to "point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992). If this burden is met, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case." *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir. 1993) (citations omitted). "The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The court views the evidence of record and draws all reasonable inferences in the light most favorable to the non-moving party. *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 484 (10th Cir. 1995).

**Undisputed Facts**

The facts relative to this motion are few and undisputed. Cole was hired by Convergys in February of 2009 as a customer service representative. Convergys required Cole and all prospective employees to sign an Employment Application Record as a prerequisite to being hired. *Id*. Convergys' motion for summary judgment is based on a limitations provision in that document, which provides:

> I agree that any claim or lawsuit relating to my employment with Convergys (or any of its subsidiaries or related entities) must be filed

2

no more than six (6) months after the date of the employment action
that is the subject of the claim or lawsuit. I waive any statute of
limitations period that is longer than six (6) months.

(Dk.18, Exhibit 1A).

Convergys terminated Cole on or about November 29, 2010 for the
stated reason of poor attendance. Cole filed a charge of race and sex
discrimination with the EEOC on January 18, 2011.[1] The EEOC mailed its
right to sue notice to Cole on March 27, 2012, and on June 27, 2012 Cole
filed this complaint. Convergys contends that Cole's suit, although timely
under the statutory Title VII timeline, is barred because it was filed after the
parties' agreed-upon six months' limitations period.

**Analysis**

In analyzing the plaintiff's complaint, the court takes into consideration
that she appears pro se. "A pro se litigant's pleadings are to be construed
liberally and held to a less stringent standard than formal pleadings drafted
by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court
is to "make some allowances for 'the pro se plaintiff's failure to cite proper
legal authority, his confusion of various legal theories, his poor syntax and
sentence construction, or his unfamiliarity with pleading requirements.' "
*Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.
2005) (quoting *Hall,* 935 F.2d at 1110). However, "it is not the proper
function of the district court to assume the role of advocate for the pro se

---

[1] Cole alleges that she "filed a verbal complaint" against Convergys with the United States
Equal Employment Opportunity Commission (EEOC) on December 1, 2010.

3

litigant." *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir. 1991).

## I. Title VII Claims

### A. Specificity

The court first examines whether Cole, by signing the employment agreement, waived her right to the longer limitations period which typically governs Title VII claims. Title VII claims may be waived by agreement, but the waiver must be knowing and voluntary. *Madrid v. Phelps Dodge Corp.,* 211 F. App'x 676, 679 (10th Cir. 2006). See *Wright v. Sw. Bell Tel. Co.,* 925 F.2d 1288, 1291-93 (10th Cir. 1991) (holding that plaintiff knowingly and voluntarily waived existing Title VII claims but not future ERISA claims).

Plaintiff does not contend that she had no knowledge or understanding of the clause or its effect on her rights, or that she was under any duress at the time she signed the agreement. Accordingly, the Court assumes for purposes of this motion that her agreement to the limitation of the time period for filing her claims against Convergys was knowing and voluntary.

But more is required for a waiver of one's Title VII rights. Because Cole brings a Title VII claim, Convergys has the additional burden to show an express reference to and waiver of the time period for filing federal civil rights claims. *Cf, Torrez*, 908 F.2d at 690 (citing cases). As a general rule,

4

contractual limitation provisions designed to shorten a federal statutory time limit must explicitly state such limitations. *See Wright v. Universal Maritime Ser. Corp.*, 525 U.S. 70, 80 (1998) (requiring arbitration of ADA claim to be clear and unmistakable).

> If the parties to a contract intend for a provision to act as a bar to claims brought under federal law, they must specifically refer to such federal claims, and clearly express the intent to limit the period in which a party could bring an action based upon federal claims.

*Van-Go Transport Co., Inc. v. New York City Bd. Of Educ.*, 53 F.Supp.2d 278, 284 (E.D.N.Y. 1999). Nothing in the parties' contractual limitations provision specifically refers to federal civil rights claims or explicitly states Cole's intent to waive her statutorily-protected federal right to a limitations period longer than six months. Convergys has thus not shown that the contractual limitations period is valid as to Cole's Title VII claims. *Compare Wright*, 925 F.2d 1288 (finding release valid when executed after party had filed claims with EEOC).

### B. Enforceability

Convergys believes that its burden is solely to show that contractual limitations are enforceable in Kansas. Convergys seeks to meet this burden by reliance on *Pfeifer v. Fed. Exp. Corp.*, *Pfeifer*, 818 F. Supp.2d 1287 (2011). *Pfeifer* upheld a contractual limitations provision nearly identical to the one in this case, finding the six-month limitation clause enforceable because it nether violated Kansas public policy nor was unreasonable. 818 F. Supp. 2d at 1288, 1292.

But Convergys fails to mention that the Tenth Circuit, on review of the case, certified the following questions to the Kansas Supreme Court:

> Does Kansas law, specifically Kan. Stat. Ann. § 60–501 and/or public policy, prohibit private parties from contractually shortening the generally applicable statute of limitations for an action?
> If no such prohibition exists, is the six-month limitations period agreed to by the private parties in this action unreasonable?

*Pfeifer v. Federal Exp. Corp.,* 455 Fed.Appx. 813 (10th Cir. 2011). No decision has yet been issued by the Kansas Supreme Court.

But even if the Kansas Supreme Court were to find that Kansas public policy permits such contractual limitations, and that the six-month limitations period in *Pfeifer* is reasonable, that holding would not control this case. *Pfeifer* was a workers compensation retaliation case which requires no exhaustion of administrative remedies, not a Title VII case, which is distinctively different.

Before a plaintiff may file suit under Title VII, she must exhaust her administrative remedies with the EEOC. *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2008). The objective of Title VII is to end employment discrimination. *Wagher v. Guy's Foods, Inc.*, 885 P.2d 1197, 1219 (Kan. 1994) (citations omitted). The preferred means for achieving this goal is through cooperation and voluntary compliance. *Id*. The purposes of exhaustion through the EEOC are: "1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim." *Jones v. U.P.S., Inc.*, 502 F.3d 1176,

6

1185 (10th Cir. 2007). This exhaustion requirement provides the EEOC the opportunity to investigate issues while enabling the EEOC to attempt to obtain voluntary compliance on the part of employers and to promote peacemaking efforts for the benefit of both parties.

To fulfill the Title VII administrative exhaustion requirement, a claimant must timely file a charge of discrimination with the EEOC and receive notice of the right to sue. Title VII requires that an administrative charge with the EEOC be filed within a specified time period (180-300 days) after the discriminating act. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-95 & n. 12 (1982) (citing 42 U.S.C. § 2000e-5(e)(1)). After a charge is filed, the EEOC investigates for a minimum of six months and determines if there are facts to support the charge and if contact with the employer is necessary.

If, after the investigation period, the EEOC does not find cause to engage the employer, it will issue the plaintiff a right to sue letter. Given the EEOC's backlog of cases, it is common for the investigation process to last much longer than the minimum of six months. Requesting an early right to sue letter from the EEOC may occur "at any time after the expiration of one hundred eighty (180) days from the date of filing of the charge with the Commission." 29 CFR § 601.28(a)(1). The plaintiff must then file suit within 90 days of receipt of the right to sue letter. *Zipes*, 455 U.S. at 395 (citing 42 U.S.C. § 2000e-5(f)(1)).

Unlike many jurisdictions which consider Title VII exhaustion to be an affirmative defense, the Tenth Circuit continues to find the exhaustion requirement a jurisdictional prerequisite to suit. *Bertsch v. Overstock.Com*, 684 F.3d 1023, 1030 (10th Cir. 2012); *Shikles v. Spring/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). If the plaintiff does not exhaust her administrative remedies by filing a charge with the EEOC and receiving a right to sue letter, no federal subject matter jurisdiction exists. *Id.* Thus, during the pendency of an investigation by the EEOC, an individual cannot bring suit in federal court because the court lacks subject matter jurisdiction over the case. *Id.* Plaintiffs may request a right to sue letter early, but the EEOC is under no obligation to provide it before the six-month investigatory time period has expired. See *Walker v. UPS*, 240 F.3d 1268, 1273 (10th Cir. 2001).

Convergys suggests that Cole should have filed suit in federal court on her Title VII claims within six months of her termination, in compliance with her contractual limitations period, then sought a stay of her federal suit until she received her right-to-sue letter from the EEOC. But this is not possible. Because the exhaustion requirement is jurisdictional in nature, a federal court does not have the authority to grant a stay before the EEOC has issued a right to sue letter. *See Bertsch,* 684 F.3d at 1030.

Cole's Title VII claim was within the jurisdiction of the EEOC for the entire six-month limitations period established in the employment contract.

Cole timely filed her charge with the EEOC, received a right to sue letter fourteen months later, and filed this lawsuit within 90 days thereafter. By complying with these administrative exhaustion requirements of Title VII, as the law requires, Cole was necessarily precluded her from filing those claims in court within six months of her termination.

Enforcing the contractually agreed-upon limitations period would abrogate Cole's rights under Title VII, leaving her without redress for her injuries. The six-months' limitations period is therefore unenforceable, unreasonable, and against public policy under federal law as to Cole's Title VII claims. *See generally O'Phelan v. Federal Express Corp.*, 2005 WL 2387647 (N.D. Ill, Sept. 27, 2005) (finding six-month contractual limitations period unenforceable as to a Title VII claim); *Lewis v. Harper Hosp.*, 241 F. Supp.2d 769 (E.D. Mich. 2002) (finding six-month contractual limitations period unenforceable as to a Title VII claim, but enforceable to bar state law claims).

## II. State Tort Claims

The Court's analysis above does not govern Cole's state tort claims for intentional infliction of emotional distress and false light invasion of privacy. Those state law claims could not have been included in Cole's Title VII EEOC charge, and are not subject to administrative exhaustion. Cole offers no reason why she could not have complied with her contractual agreement by

bringing her state law claims in state court within six-months of her termination.[2]

These state law claims are governed by *Pfeifer, 818 F. Supp.2d 1287*. To the extent *Pfeifer* remains good law, this Court adopts its rationale and finds the six-month contractual limitations clause in this case valid and enforceable as to these parties. In the event the Kansas Supreme Court answers the certified questions in *Pfeifer* by finding that contractual limitations periods in general violate Kansas public policy or are per se unreasonable, or that six-months contractual limitations do so, the Court invites the plaintiff to file a motion for reconsideration of its decision on her state law claims.

Summary judgment is thus warranted on Cole's state law claims and but shall be denied as to Cole's Title VII claims.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Dk.17) is granted in part and is denied in part in accordance with the terms of this Memorandum and Order.

Dated this 5th day of December, 2012, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[2]To avoid dismissal based on claim-splitting, plaintiffs must assert all their causes of action arising from a central set of facts in one lawsuit. *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006). But Cole could have added her Title VII claims to her state lawsuit after receiving her right to sue letter, and left the entire matter in state court, which has concurrent jurisdiction over Title VII cases, *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820 (1990), or could have removed the case to federal court at that point.