IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IESHA C. COLE,

      Plaintiff,

  v.                        Case No. 12-2404-SAC

CONVERGYS CUSTOMER
MANAGEMENT GROUP, INC.,

      Defendant.

**MEMORANDUM AND ORDER**

This case comes before the Court on Defendant's second motion for summary judgment.

# I. Procedural History

Cole's complaint originally alleged race and sex discrimination and retaliatory termination under Title VII, as well as state law claims for intentional infliction of emotional distress and false light invasion of privacy. She seeks both monetary damages and injunctive relief. Defendant previously moved for summary judgment based on a contractual statute of limitations, and the Court granted that motion as to Cole's state law claims but denied it as to the Title VII claims, which remain.

Defendant has now filed a second motion for summary judgment. This one contends that Cole is judicially estopped from bringing her Title VII claims because she failed to disclose them as an asset in her bankruptcy

proceedings. Because Plaintiff did not timely respond to this motion, the Court ordered her to show cause why the motion should not be decided as uncontested. Plaintiff responded to the show cause order, and apologized for her tardiness, but did not show good cause for her delay in having responded.

## II. Sequential Summary Judgment Motions

Before resolving the pending motion for summary judgment, the Court finds it necessary to comment on Defendant's highly irregular motion practice. Defendant has already filed two separate motions for summary judgment, and in the event this motion is denied, Defendant will likely file a motion for summary judgment on the merits of the case after discovery is closed.

A party should ordinarily submit only one motion for summary judgment which contains all arguments and evidence in support of a judgment in favor of the moving party, so as to avoid a piece-meal approach to a multiple claim suit. As this Court has previously noted, filing summary judgment motions seriatim on one's own initiative not only makes "the court's task of shuffling paperwork more complex," but also permits "any number of permutations of the page-limitation rule, all of which would be sure to be exploited by creative counsel more frequently than desired by the court or warranted by the circumstances." *Lewis v. Glickman*, 2000 WL 1863407, 3 (D.Kan. 2000). *See* D. Kan. Rule 7.1(e).

The Court, in denying Defendants' prior motion for summary judgment, did not grant Defendant leave to file a successive motion for summary judgment. Nor has Defendant offered any reason why the judicial estoppel issue now raised was not raised in its previous summary judgment motion. In the absence of any explanation, and because piece-meal motions for summary judgment have the potential to unduly burden and vex opposing parties, the Court would be well within its discretion not to consider this motion at this time. Nonetheless, the Court will reach the merits but may not do so for any other summary judgment motion filed before the final pretrial order is entered.

### III. Undisputed Facts

Cole has responded to the motion and does not contest the following facts. Cole's employment with Convergys was terminated in 2010. In January of 2011, Cole filed a charge of discrimination against Convergys with the Equal Employment Opportunity Commission. The EEOC issued Cole a right to sue notice in March of 2012.

In April of 2012, Cole filed for Chapter 7 bankruptcy protection. As part of her Bankruptcy Petition, Cole completed a "Schedule B – Personal Property" worksheet which required her to disclose all of her assets, including any "contingent and unliquidated claims of every nature." Cole stated on that Schedule that she had no contingent or unliquidated claims,

and did not list her EEOC charge or right to sue notice or her discrimination claims.

In June of 2012, while her bankruptcy case was pending, Cole filed this lawsuit alleging race and sex discrimination and retaliation,[1] but never amended her schedule of assets filed with the Bankruptcy Court to reflect the existence of this lawsuit. The Bankruptcy Court granted Cole a discharge in bankruptcy in July of 2012. Thereafter, Cole amended her schedule of creditors in Bankruptcy Court, yet did not amend her "Schedule B – Personal Property" worksheet to disclose the discrimination claims against Convergys she brings in this case. To date, she has not listed this lawsuit in her bankruptcy case.

In response, Cole states that she mentioned and presented the EEOC's right to sue letter to the bankruptcy Trustee, Michael Morris, at the "401 bankruptcy hearing" and was told the claim would not be pursued as an asset in the bankruptcy case. Dk. 36, p. 1. She states that the Trustee decided not to include the right to sue letter as part of the assets for the estate claimed in her bankruptcy case, and that judicial estoppel is irrelevant to her case.

**IV. Standing**

The facts set forth above raise a threshold issue the Court cannot ignore. Article III of the Constitution requires federal courts to adjudicate

---

[1] For purposes of convenience, the Court refers to these as discrimination claims.

only actual cases and controversies. *See Allen v. Wright*, 468 U.S. 737, 750 (1984). This provision requires that a litigant have "standing" in order to invoke the power of a federal court. *Id.* "[A] plaintiff must maintain standing at all times throughout the litigation for a court to retain jurisdiction." *Phelps v. Hamilton*, 122 F.3d 1309, 1315 (10th Cir. 1997). This court has an independent duty to inquire into its jurisdiction over a dispute, even where neither party contests it and the parties are prepared to concede it. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Lopez v. Behles*, 14 F.3d 1497, 1499 (10th Cir. 1994). Accordingly, the Court examines the issue of Plaintiff's standing *sua sponte*. *See Phelps,* 122 F.3d at 1315-1316; *In re American Ready Mix, Inc.*, 14 F.3d 1497, 1499 (10th Cir. 1994).

    The bankruptcy estate includes, except as otherwise provided, "all legal or equitable interests of the debtor in property as of the commence-ment of the case." 11 U.S.C. § 541(a)(1). This definition includes causes of action belonging to the debtor at the commencement of the bankruptcy case, including choses in action and claims by the debtor against others. *Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996). Regarding causes of action known to the debtor at the time of filing for bankruptcy, "the trustee stands in the shoes of the debtor," having equal rights to the claim as previously possessed by the debtor. *Id.*

5

Plaintiff filed for bankruptcy after the events giving rise to her discrimination claims had occurred, and after Plaintiff had demonstrated her knowledge of them by filing her EEOC claim. Therefore, when Plaintiff filed for bankruptcy, her discrimination claims became the property of the bankruptcy estate. Plaintiff's claims therefore belong to the Trustee, for the benefit of Plaintiff's creditors. As a result, Plaintiff is not permitted to pursue her discrimination claims in this court because she is not the real party in interest. *See Sender,* 84 F.3d at 1305. Only the trustee has standing to pursue them.

The discrimination claims made in this lawsuit were not abandoned to the debtor. Section 554(c) provides that property which is scheduled but not otherwise administered when a case is closed is abandoned to the debtor and is administered for the purposes of Section 350. But since Plaintiff's discrimination claims were not scheduled, they were neither administered nor abandoned when the debtor's case was closed. They were, and remain, property of the bankruptcy estate. *See In re Riazuddin*, 363 B.R. 177, 184 (10th Cir. BAP 2007).

Nor has Plaintiff shown that her discrimination claims were abandoned by the Trustee. A Trustee in bankruptcy may abandon worthless or low value assets, including legal claims, *see* 11 U.S.C. § 554, and Plaintiff suggests that the Trustee was not interested in her discrimination claims. If the Trustee had abandoned this claim then Plaintiff could prosecute this case in

her own name, absent judicial estoppel. But this claim is not facially worthless, and no showing has been made that the Trustee has given notice to Plaintiff's creditors of his intent to abandon it, as is required in the event of abandonment. 11 U.S.C. § 554(a). Even if Plaintiff's bankruptcy estate is closed, she still has no control over any legal interest potentially at issue in this case, and lacks standing to assert claims that should have been in her bankruptcy estate. *See Collier v. Artistic Enterprises, Inc.*, 2007 WL 987856, 2-3 (D.Colo. 2007).

**V. Appropriate Remedy**

The question arises whether the Court should dismiss the claims or should stay the case to give the bankruptcy trustee an opportunity to intervene. If the court dismisses the action, the creditors will have no possibility of any recovery.

Federal Rule of Civil Procedure 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." It also provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for … substitution of, the real party in interest; and such … substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

Some courts reason that in this situation dismissal is necessary to protect the integrity of the bankruptcy process, *see Burnes v. Pemco*

*Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) ("Allowing [the plaintiff] to backup, reopen the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.") Others dismiss the case when a plaintiff-debtor has had plenty of time to reopen her bankruptcy estate but has failed to do so, and the likelihood of creditors' recovery is speculative. *See Bexley v. Dillon Cos.*, No. 04cv01661, 2006 WL 758474, (D.Colo. March 23, 2006). See also *Minne v. Hinkhouse*, No. 05cv00325, 2006 WL 467947, at *2 (D.Colo. March 23, 2006) (dismissing for lack of standing where the plaintiff had had ample time to substitute the Trustees as the real parties in interest or to demonstrate that the Trustees had abandoned the claims).

The Court is unaware whether the Trustee has any interest in this case or is even aware of its existence. The issue of standing was not raised by the parties, which might have put the Trustee on notice of this issue. Under these facts, and in consideration of the creditors' interests, the Court believes the appropriate course of action is to defer dismissal and allow the bankruptcy trustee a reasonable time to substitute itself as plaintiff or intervene. In the event the Trustee has not done so by the date stated below, the Court shall dismiss the case for lack of jurisdiction.

**VI. Judicial Estoppel**

The Court finds it improvident to decide the pending motion for summary judgment because even assuming, without deciding, that judicial estoppel would bar the Plaintiff's damages claims,[2] it would not bar the Trustee's claims. *See In re Riazuddin*, 363 B.R. at 188-89. *See Eastman v. Union Pacific R. Co.*, 493 F.3d 1151, 1155 n. 3 (10th Cir. 2007) (noting the court's application of judicial estoppel against the trustee was inappropriate because the trustee as the real-party-in-interest had not engaged in contradictory litigation tactics, but judicial estoppel was appropriate as to the debtor-plaintiff after the trustee abandoned the claims); *Lemaster v. Collins Bus Corp.*, 2012 WL 5397996, 6 n. 2 (D.Kan. 2012) (noting that judicial estoppel is inappropriate against the bankruptcy estate unless the estate itself engages in contradictory litigation tactics). The purpose of judicial estoppel is to protect the integrity of the judicial process and to prevent unfair and manipulative use of the court system by litigants. *Beem v. McKune,* 317 F.3d 1175 (10th Cir. 2003). Neither that purpose, nor the three-part test set forth in *New Hampshire v. Maine*, 532 U.S. 742, 749-51, (2001), would be met if the doctrine were applied to the Trustee in this case. So if this case goes forward at all, it will be prosecuted by the Trustee, as noted above.

---

[2] Judicial estoppel would likely not bar the Plaintiff's claim for injunctive relief because even if that claim were successful, it would add no monetary value to the bankruptcy estate. *See Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1297 (11th Cir. 2003); *Matthews v. Potter*, 316 Fed.Appx. 518, 524-25 (7th Cir. 2009).

IT IS THEREFORE ORDERED that dismissal is deferred until June 10, 2013, to allow the bankruptcy trustee to substitute itself as the plaintiff or to intervene in this case as the real party in interest. In the event the Trustee has not done so by that date, the Court shall dismiss the case for lack of jurisdiction without further notice.

IT IS FURTHER ORDERED that the Clerk of this Court shall deliver a copy of this order to the trustee in bankruptcy in this district.

Dated this 9th day of April, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge