IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IESHA C. COLE,

        Plaintiff,

    v.                                        Case No. 12-2404-SAC

CONVERGYS CUSTOMER
MANAGEMENT GROUP, INC.,
        Defendant.

MEMORANDUM AND ORDER

This case comes before the Court on Defendant's motion for summary judgment based on judicial estoppel.

## I. Procedural History

Defendant's current motion seeks summary judgment based on judicial estoppel. Based on representations made in Defendant's memorandum, the Court became concerned about whether the Plaintiff had any ability to pursue this case. Accordingly, the Court permitted the trustee to intervene in the case, but he declined by a letter saying he knew about the claims made in this case during the bankruptcy proceedings, he decided not to pursue those claims on behalf of the Plaintiff's bankruptcy estate, and he intended to abandon those claims to the debtor. The Court then asked the parties to show cause why the trustee's letter should not be included in the record for purposes of resolving both the standing issue and the pending summary judgment motion. Both parties responded, stating no objection.

The trustee's letter dated April 16, 2013, attached to Dk. 44 as Exh. A, shall thus be considered part of the record.

Based upon the record, the Court finds that Plaintiff has the authority to pursue her Title VII claims. Accordingly, the Court examines Defendant's motion for summary judgment based on judicial estoppel. The Court incorporates by reference all prior orders in this case, including the summary judgment standard and findings of uncontested facts in Dk. 40.

**II. Judicial Estoppel**

Defendant originally argued that this Court should apply judicial estoppel to prevent Cole's lawsuit from proceeding because Cole "never disclosed her claims against Convergys to the Bankruptcy Trustee or the Bankruptcy Court" and thus misled them as to the existence of the claims she now asserts. Dk. 34, p. 1. *Id*, p. 3, 6. But Plaintiff's response, validated by the trustee's letter, shows that she in fact told the trustee of her discrimination claims and presented the EEOC's right to sue letter to him during the course of her bankruptcy proceedings. Defendant now argues that Plaintiff's disclosure to the bankruptcy trustee makes no difference to its estoppel argument because by not disclosing on her bankruptcy filings her claims in this lawsuit, Plaintiff misled the bankruptcy court. Dk. 47.

**A. Governing Law**

Judicial estoppel is an equitable doctrine which protects " 'the integrity of the judicial process by prohibiting parties from deliberately changing

positions according to the exigencies of the moment.' " *Eastman v. Union Pac. R.R.*, 493 F.3d 1151, 1156 (10th Cir. 2007). Judicial estoppel exists primarily to prevent abuse of the judicial process. Under federal law, no "inflexible prerequisites" must be met in judicial estoppel cases. Instead, the Court considers three factors in determining whether to apply the doctrine: (1) whether "a party's later position [is] clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (quotation marks omitted); *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005). Judicial estoppel should be applied "both narrowly and cautiously." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1227 (10th Cir. 2011) (quotation omitted).

The Tenth Circuit has previously applied judicial estoppel in the context of bankruptcy proceedings. In *Eastman v. Union Pacific Railroad Co.*, 493 F.3d 1151 (10th Cir. 2007), the Tenth Circuit upheld judicial estoppel of a Chapter 7 debtor (Gardner) who swept his personal injury suit "under the rug" before the bankruptcy court, then asserted it later in district court. *Id.*

at 1159. Gardner filed a personal injury lawsuit, and later filed for bankruptcy but did not list his lawsuit as an asset or disclose it on his bankruptcy petition, schedules, or statements. Unlike here, however, the debtor affirmatively misled the trustee - when the trustee specifically asked Gardner whether he had a personal injury suit pending, he denied it.

The Tenth Circuit recognized that it may be appropriate not to apply judicial estoppel when a party's prior position was based on inadvertence or mistake.  But the Tenth Circuit found that a debtor's failure to satisfy the legal duty of full disclosure to the bankruptcy court may be inadvertent or mistaken "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment. (citation omitted)." *Eastman*, 493 F.3d at 1157. Gardner argued that he fit this exception because early in the bankruptcy proceedings he had informed his bankruptcy attorney of his pending lawsuit. *Id.* But the Court nonetheless found that Gardner had knowledge of his lawsuit and a motive to conceal it from his creditors.

> The ever present motive to conceal legal claims and reap the financial rewards undoubtedly is why so many of the cases applying judicial estoppel involve debtors-turned-plaintiffs who have failed to disclose such claims in bankruptcy. The doctrine of judicial estoppel serves to offset such motive, inducing debtors to be completely truthful in their bankruptcy disclosures.

*Eastman*, 493 F.3d at 1159.

The Tenth Circuit found it "inconsequential" that Gardner's bankruptcy had been reopened and his creditors had been made whole once his omission became known, reasoning:

> A discharge in bankruptcy is sufficient to establish a basis for judicial estoppel, "even if the discharge is later vacated." *Hamilton*, 270 F.3d at 784. Allowing Gardner to "back up" and benefit from the reopening of his bankruptcy only after his omission had been exposed would "suggest[ ] that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets." *Burnes*, 291 F.3d at 1288.

*Id.*, at 1160.

Similarly, in *Autos, Inc. v. Gowin*, 244 Fed.Appx. 885, 2007 WL 2269443 (2007), the Tenth Circuit upheld judicial estoppel against a plaintiff who had failed to disclose her lawsuit as an asset in bankruptcy proceedings. There, the plaintiff filed for bankruptcy, had her plan confirmed, then filed suit eight months later but never moved to amend her schedules. The Tenth Circuit held that her assertion of legal claims not disclosed in earlier bankruptcy proceedings constituted an assumption of inconsistent positions. *Gowin*, 244 Fed. Appx. at 890.

It also found the second element met, stating:

> By failing to disclose her claims as an asset on her schedules, Gowin actively deceived her creditors and misled the bankruptcy court about the scope of the estate. The integrity of bankruptcy proceedings is compromised if the bankruptcy court cannot rely on the information disclosed by a debtor, or if substantial known assets come to light after the court has confirmed a plan of distribution. *See, e.g., Payless*, 989 F.2d at 571 (holding that failure to disclose a pending legal claim is "a palpable fraud that the court will not tolerate, even passively");

> *Oneida*, 848 F.2d at 417 ("The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court.").

*Id.,* at 891.

The third factor of judicial estoppel was met also. The Court found prejudice to the defendant because "[h]ad it received prompt notice of Gowin's claims by virtue of their inclusion in her bankruptcy petition, Autos could have proposed any number of compromise solutions to bypass this multi-year morass in the federal courts." *Id.*

> "Because the doctrine [of judicial estoppel] is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary." *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999). Here, the case for judicial estoppel is fortified by the tripartite prejudice Gowin's conduct engendered-to Autos, her creditors, and the judicial system generally.
> at 891.

*Autos*, 244 Fed.Appx. at 891, n. 5.

**B. Analysis**

The Court finds that Plaintiff's assertion of her claims in this case is clearly inconsistent with the position she took in her bankruptcy filings that no such claims existed. Those filings, including at least one made under penalty of perjury, misled the bankruptcy court to accept Plaintiff's position that she had no claims against her ex-employer, actual or potential, which

6

could be deemed an asset of her bankruptcy case.[1] Further, Plaintiff received the benefit of a discharge without ever having disclosed in her bankruptcy pleadings her pending discrimination claims against Defendant, thus providing her an unfair advantage over her creditors.

Plaintiff's claims are therefore barred unless an exception applies to the general rule. Under binding Tenth Circuit law, a debtor's failure to satisfy the legal duty of full disclosure to the bankruptcy court may be inadvertent or mistaken only when the debtor lacks knowledge of the undisclosed claims or has no motive for their concealment. *Eastman*, 493 F.3d at 1157.

But Plaintiff has not shown any reason why she did not include her discrimination and her state law claims in her original bankruptcy petition and schedules as the law requires, and as Plaintiff swore she had done. *See* Dk. 36, 46, 48. "[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 207–08 (5th Cir. 1999) (emphasis omitted) (citing 11 U.S.C. § 521(1)). The disclosure requirement applies to potential causes of action as well. The discrimination claims and the state law claims were assets which Plaintiff was legally required to disclose, even though

---

[1] The BAP has found, under similar circumstances, that "[a]ny perception that the bankruptcy court was misled may just as easily be remedied by allowing the reopening of the case." *In re Riazuddin*, 363 B.R. 177, 186 (10th Cir. BAP 2007). This Court disagrees. The bankruptcy court's reliance on Plaintiff's misleading omission is not remedied by reopening the case. Reopening a bankruptcy case may protect the rights of creditors but does not repair the damage to the Court's integrity. *See Eastman*, 493 F.3d at 1160.

Plaintiff had not yet filed a lawsuit based on them. Plaintiff does not contend that she lacked knowledge of her undisclosed claims either at the time she filed for bankruptcy or thereafter.

Second, fully crediting Plaintiff's subsequent disclosure of her EEOC claims to the trustee, the Court finds that Plaintiff never fully disclosed the scope of her claims in this case to the trustee. Plaintiff does not allege that at any point, she disclosed to the trustee or the bankruptcy court the existence of her state law claims which she included in this case. Yet those claims arose during her employment so Plaintiff was likely aware of them on or before the date she was terminated, which predated her filing of her bankruptcy petition.

Lastly, the timing of the crucial events cuts against a finding of inadvertence or mistake. Plaintiff filed her bankruptcy petition only two weeks after having received her right to sue notice from the EEOC. The bankruptcy trustee filed his "no distribution report" on June 15, 2012, and Plaintiff filed this lawsuit on June 27, 2012, less than two weeks later. Plaintiff received her discharge in bankruptcy on July 31, 2012. She amended her schedule of creditors within three months thereafter, but never amended the schedules to include this lawsuit. But Plaintiff's obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one.

Under all the circumstances of this case, Plaintiff's showing the trustee her right to sue letter fails to raise a genuine issue of material fact preventing application of judicial estoppel. Plaintiff had knowledge of the undisclosed claims and had a motive for their concealment, so her failure to include those claims in her bankruptcy filings is not inadvertent or mistaken. *See Eastman,* 493 F.3d at 1158-60 and cases cited therein (applying judicial estoppel even though the creditors had been made whole because any other result would encourage debtors to disclose assets only when they are "caught concealing them."). *See also Barger v. City of Cartersville,* 348 F.3d 1289, 1291 (11th Cir. 2003) (barring discrimination claims where plaintiff did not disclose them on her Chapter 7 petition, but later told the trustee of them and moved to reopen the case to add them); *Ibok v. SIAC-Sector Inc.*, 470 Fed.Appx. 27-29 (2d Cir. 2012) (affirming judicial estoppel of claims not disclosed on bankruptcy filings even though plaintiff had orally informed the trustee of them).

Accordingly, the Court finds that Plaintiff is judicially estopped from litigating all claims stated in her complaint.[2] *See Higgins v. Potter*, 416 Fed.Appx. 731, 2011 WL 984313 (10th Cir. 2011) (affirming judicial estoppel on all claims in a Title VII case demanding money damages and injunctive relief where the debtor failed to include the lawsuit on her Chapter 13

---

[2] The Tenth Circuit has not squarely addressed whether judicial estoppel in this context also bars a plaintiff's claims for injunctive relief, but this Court believes that the policies underlying the application of judicial estoppel favor barring the entire case. Because the focus is on the harm to the court's integrity and not the harm to creditors, it makes little sense to permit some of plaintiff's undisclosed claims to proceed while barring others.

bankruptcy schedule of assets and the bankruptcy court confirmed her bankruptcy plan based on schedules that omitted the lawsuit).

IT IS THEREFORE ORDERED that Defendant's motion for summary judgment (Dk. 33) is granted.

Dated this 16th day of May, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge