IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IESHA C. COLE,

   Plaintiff,

  v.          Case No. 12-2404-SAC

CONVERGYS CUSTOMER
MANAGEMENT GROUP, INC.,

   Defendant.

MEMORANDUM AND ORDER

This case comes before the court on plaintiff's motion for reconsideration of the court's recent order, Dk. 49.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Hatfield v. Board of County Com'rs for Converse County*, 52 F.3d 858 (10th Cir. 1995). Instead, a party seeking relief from an adverse judgment may pursue either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (1991). Which rule applies to a motion depends essentially on the time a motion is served. Motions served within twenty-eight days after judgment ordinarily fall under Rule 59(e). *See Dalton v. First Interstate Bank of Denver,* 863 F.2d 702, 703-04 (10th Cir. 1988). Plaintiff's motion for

reconsideration was filed within that time period, so the court construes it as having been filed pursuant to Rule 59(e).

A motion to alter or amend filed pursuant to Rule 59(e) "must do two things: First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Shields v. Shetler,* 120 F.R.D. 123, 125 (D.Colo. 1988) (internal quotations and citation omitted). Such a motion "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997) (internal citation omitted). A motion to reconsider is not an opportunity for a party to rehash arguments or bolster arguments that failed previously. *Voelkel v. Gen. Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan. 1994).

Plaintiff asserts that her failure to list this case as an asset in her bankruptcy case flowed from her ignorance rather than from her intent. Plaintiff shows the court that on the same day she filed this motion for reconsideration she filed an amended Schedule B, Personal Property, in her bankruptcy case, specifically referencing this case. Dk. 52.

The Court agrees that plaintiff's acts and inactions during her bankruptcy case showed no bad faith or intent to deceive her creditors. Nonetheless, the Court is constrained by clear Tenth Circuit law which it fully set forth in its order dated May 16, 2013. Plaintiff has not shown any legal

error or new evidence persuading the court that its conclusion should be reconsidered.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Dk. 52) is denied.

Dated this 18th day of June, 2013, at Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge