IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IESHA C. COLE,

        Plaintiff,

    v.                                    Case No. 12-2404-SAC

CONVERGYS CUSTOMER
MANAGEMENT GROUP, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the Court on the Plaintiff's "motion to proceed." This is the third post-judgment motion Plaintiff has filed asking the Court to reconsider its grant of summary judgment to the Defendant on May 16, 2013.

The present motion is construed as a motion for relief under Rule 60(b). Such relief is extraordinary and limited to certain exceptional circumstances. *Massengale v. Oklahoma Board of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co. Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991), *cert. denied,* 506 U.S. 828 (1992). Not a substitute for a direct appeal, a rule 60(b) motion addresses matters outside the issues on which

the judgment was entered. *Brown v. McCormick,* 608 F.2d 410, 413 (10th Cir. 1979). The Rule does not permit the court to revisit issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings. *Van Skiver,* 952 F.2d at 1243. Unlike the Judge in Luke 18, this Court has no power to grant relief merely because the pleader is persistent.

The plaintiff offers no tenable basis for relief under Rule 60(b). Her argument in this motion, as in her previous two post-judgment motions, is based on the same matters that the Court considered and decided in entering judgment for the defendant. This motion is accordingly denied. Plaintiff believes this Court erred in its ruling, but the proper avenue of relief for litigants who disagree with a final judgment is to timely appeal it, not to repeatedly file motions for reconsideration based on matters already addressed.

Plaintiff is directed that any future motion she files in this case not based upon significant new facts, arguments, or authorities that would support a proper post-judgment motion shall be summarily denied.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Dk. 59) is denied.

Dated this 12th day of September, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge